# Supreme Court of Florida

_____

No. SC17-2004
_____

**IN RE: AMENDMENTS TO
FLORIDA RULE OF CRIMINAL PROCEDURE 3.220.**

[May 10, 2018]

PER CURIAM.

This matter is before the Court for consideration of the out-of-cycle report of

The Florida Bar's Criminal Procedure Rules Committee (Committee), proposing

an amendment to Florida Rule of Criminal Procedure 3.220 (Discovery). *See* Fla.

R. Jud. Admin. 2.140(e). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

Florida Rule of Criminal Procedure 3.220 pertains to discovery in criminal

cases. Subdivision (d) addresses a defendant's obligation upon electing to

participate in reciprocal discovery. The Committee proposes amending

subdivision (d)(1)(B)(ii) of rule 3.220 to require that only reports or statements of

experts that the defendant intends to use at a hearing or at trial must be disclosed to

the prosecutor. The Committee explains that the amendment is necessary based on

the decision in *Kidder v. State*, 117 So. 3d 1166 (Fla. 2d DCA 2013), which held

that the plain language of the rule "requires a defendant to disclose and permit the inspection and copying of 'reports or statements of experts made in connection with the particular case, including results of . . . scientific tests, experiments, or comparisons.' " 117 So. 3d at 1169-70.  Thus, Kidder was required to disclose the results of a blood alcohol test, irrespective of the fact that she did not intend to use the report at trial.

After considering the Committee's proposal, we amend Florida Rule of Criminal Procedure 3.220(d) as reflected in the appendix to this opinion.  New language is indicated by underscoring.  The amendment shall become effective immediately upon the release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Judge Jon Berkley Morgan, Chair, Criminal Procedure Rules Committee, Kissimmee, Florida, Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**APPENDIX**

**RULE 3.220.     DISCOVERY**

**(a)-(c)      [No Change]**

**(d) Defendant's Obligation.**

(1)      If a defendant elects to participate in discovery, either through filing the appropriate notice or by participating in any discovery process, including the taking of a discovery deposition, the following disclosures shall be made:

(A)   [No change]

(B)   Within 15 days after receipt of the prosecutor's Discovery Exhibit the defendant shall serve a written Discovery Exhibit which shall disclose to and permit the prosecutor to inspect, copy, test, and photograph the following information and material that is in the defendant's possession or control:

(i)      the statement of any person listed in subdivision (d)(1)(A), other than that of the defendant;

(ii)      reports or statements of experts, that the defendant intends to use as a witness at a trial or hearing, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons; and

(iii)      any tangible papers or objects that the defendant intends to use in the hearing or trial.

(2)-(3)   [No changes]

**(e)-(o)      [No changes]**

Committee Notes
[No changes]

Court Commentary
[No changes]